UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX HORN, LANCE AYTMAN, and KEITH HOOKER,<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT HEINZ FOODS COMPANY LLC,<br><br>Defendant. | Case No. 1:21-cv-01258-JLT-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER ON MOTION TO EXTEND DISCOVERY DATES**<br><br>(Doc. 52) |

On December 29, 2022, Plaintiffs Alex Horn, Lance Aytman, and Keith Hooker ("Plaintiffs") filed a Motion to Extend Discovery and Continue Associated Dates, pursuant to Fed. R. Civ. P. 16(b). (Doc. 52.) Plaintiffs seek to extend the non-expert discovery cutoff six months and all other dates accordingly. On January 12, 2023, Defendant Kraft Heinz Foods Company LLC ("Defendant") filed an opposition to the motion, and Plaintiffs filed a reply on January 23, 2023. (Doc. 54, 55.) The Court finds the motion suitable for decision without the need for oral argument. Accordingly, the hearing on the motion currently set for February 3, 2023 is HEREBY VACATED, and the matter is submitted on the record. L.R. 230(g).

Having considered the moving, opposition, and reply briefs, as well as the entire record in this case, Plaintiffs' Motion to Extend Discovery and Continue Associated Dates will be GRANTED in Part and DENIED in Part, pursuant to Fed. R. Civ. P. 16(b)(4).

///

**I.  Background**

Plaintiffs allege that while working at the Tulare, California dairy facility operated by Defendant, they were subjected to, among other things, anti-Black discrimination and harassment, including multiple threats to their lives.  Defendant denies the allegations and contends Plaintiffs worked at Kraft Heinz for many years and were not subjected to harassment, discrimination, retaliation or any other unlawful conduct.

The complaint was filed on August 19, 2021. On December 10, 2021, the Court entered a Scheduling Order, which set the following relevant pretrial deadlines:

| | |
|---|---|
| Non-Expert Discovery Deadline: | March 10, 2023 |
| Expert Disclosure: | April 14, 2023 |
| Supplemental Expert Disclosure: | June 9, 2023 |
| Expert Discovery Cutoff: | July 28, 2023 |
| Pretrial Motion Filing Deadline: | August 25, 2023 |

The Court did not set a trial date in light of the ongoing judicial emergency in the Eastern District of California.  (Docs. 3-2; 19 at 5.)

In the Scheduling Order, the Court advised the parties that if they determined at any time that the schedule outlined could not be met, they must notify the Court immediately so that adjustments could be made, either by stipulation or by subsequent status conference.  (Doc. 19 at 5.)  The Court also provided the following warning:

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

(*Id.*)  This Scheduling Order has remained operative and has not been modified.

**II.  Discussion**

**A.  Legal Standard**

District courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.*  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate

2

1    case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.

2    1992).  As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor*

3    *Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

4           Scheduling orders are "not a frivolous piece of paper, idly entered, which can be

5    cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610.  Accordingly,

6    pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for

7    good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* G*reen Aire for Air*

8    *Conditioning W.L.L. v. Salem,* 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to

9    modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may

10   modify a scheduling order 'only for good cause.'").  As the Ninth Circuit has explained,

11
12           In these days of heavy caseloads, trial courts in both the federal and
             state system routinely set schedules and establish deadlines to foster
13           the efficient treatment and resolution of cases. Those efforts will be
             successful only if the deadlines are taken seriously by the parties, and
14           the best way to encourage that is to enforce the deadlines. Parties
             must understand that they will pay a price for failure to comply
15           strictly with the scheduling and other orders, and that failure to do so
             may properly support severe sanctions and exclusions of evidence.

16   *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

17          Good cause requires a showing of due diligence.  *Johnson*, 975 F.2d at 609; *Sprague v.*

18   *Fin. Credit Network, Inc*., 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause]

19   requires the party to show that despite due diligence the scheduled deadline could not be met.")).

20   For example, good cause may be found where the moving party shows that it was diligent in

21   assisting the Court in creating a workable scheduling order, that it is unable to comply with

22   the scheduling order's deadlines due to matters not reasonably foreseeable at the time

23   the scheduling order issued, and that it was diligent in seeking a modification once it became

24   apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D.

25   605, 608 (E.D. Cal. 1999).  The party seeking to modify a scheduling order bears the burden of

26   demonstrating good cause. *Handel v. Rhoe,* 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015)

27   (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at

28

3

608-609.)

## B. Plaintiffs' Position

Plaintiffs contend they have been diligent in engaging in discovery. Plaintiffs propounded interrogatories and requests for production of documents early in discovery and responded to interrogatories and produced documents. Additionally, the parties have substantially completed discovery of non-ESI documents and are working towards imaging, searching, and reviewing electronic devices including the Plaintiffs' devices and social media. The parties have worked through a protective order, ESI protocols and other discovery dispute issues and have had a half dozen or so recent meet and confer meetings. (Doc. 52 at 4.) Plaintiffs met and conferred with Defendant in an attempt to reach an agreement on extending the discovery deadline. While Defendant agreed an extension is required, Defendant objected to the length of time requested – six months.

Plaintiffs assert they cannot meet the current non-expert discovery cutoff of March 10, 2023. ESI discovery will take substantial time and cannot be completed faster than Plaintiffs propose. With a team of multiple attorneys devoting substantial time for review, Plaintiffs estimate their review and rolling document productions will continue at least into mid-February 2023. Plaintiffs have seven social media accounts including thousands of messages and posts.

The parties need to finish existing discovery, and there are numerous discovery disputes being worked on by Plaintiffs. The parties have spent considerable time endeavoring to reach agreement on these issues to avoid the need for court intervention, a fact that the parties did not anticipate at the time of the original Scheduling Order. The parties have not yet conducted depositions and the parties anticipate 20 depositions. Plaintiffs contend Defendant underestimates the time that will be needed for depositions. Plaintiffs state they plan to take no fewer than thirteen depositions.[1] Plaintiffs dispute any assertion that more than one deposition per week would be probable, and Plaintiffs anticipate travel to Kraft Heinz headquarters in Chicago, and Pittsburgh.

---

[1] Federal Rule of Civil Procedure 30(a)(2)(A)(i) permits 10 depositions by each side, absent a stipulation or court order.

4

### C. Defendant's Position

Defendant does not oppose an extension of the non-expert discovery cutoff and associated dates, but objects to the substantial amount of time requested—six months. Defendant does not challenge Plaintiffs' assertion in the Motion that the scale of discovery in this matter is significant. However, Defendant believes Plaintiffs have not been diligent. For instance, Plaintiffs did not begin written discovery until four months after issuance of the Scheduling Order. Much of Plaintiffs' written discovery is overbroad and burdensome. Plaintiffs delayed in producing the Protective Order and ESI protocols, and when they did so, each document included overbroad and cumbersome provisions. Each document took time to negotiate. All discovery requested by Plaintiffs has been overbroad: 59 custodians, search terms, lengthy time periods, etc. (Doc. 54 p. 4.) Search results totaled more than 100,000 documents, but Defendant agreed to review and produce. Plaintiffs have far fewer ESI to produce.

Defendant agreed to extend the discovery deadlines 4.5 months, which Plaintiffs originally agreed would be sufficient. Defendant acknowledges that depositions cannot begin until ESI is reviewed and produced, but believes that review can be done more efficiently. Defendant was able to review 100,000 documents and produce relevant ESI, whereas Plaintiffs are seeking several months to review 25,000 ESI documents. Defendant originally proposed a three month extension, but agrees that a 4.5-month extension of the dates is a reasonable time period to conduct the remaining fact discovery.

### D. Analysis

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP* v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "The decision to modify a scheduling order is within the broad discretion of the district court." *See e.g.*, *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002).

In considering the arguments of the parties, the Court finds good cause to modify the Scheduling Order. The parties agree that some modification of the Scheduling Order is necessary to complete fact discovery. Since the parties agree that fact discovery cannot be completed in the

time frame allowed by the Scheduling Order, and the Court finds Plaintiffs have been diligent in bringing the matter to the Court's attention, the Court will grant the request for a modification.

The only remaining issue is the amount of time necessary to complete fact discovery. Plaintiffs request six months, but Defendant states three months should be sufficient, although Defendant previously offered 4.5 months.

The Court declines to extend the discovery deadline by the full six months requested by Plaintiffs. Instead, the Court will partially grant Plaintiffs' request and extend the discovery deadlines for five months. The Scheduling Order, issued on December 10, 2021, allowed for fifteen months to complete fact discovery, until March 10, 2023. Granting **an additional** five months to conduct discovery is a substantial amount of time to complete discovery relevant and proportional to the needs of this case.

### E. Duty of Cooperation

Plaintiffs have alerted the Court that numerous discovery disputes are percolating, although the parties are working toward resolution of those disputes through meet and confer efforts. It appears from the parties' briefing that, with the exception of this motion, they have been cooperating in discovery and working through discovery disputes.

The Court encourages the continued cooperation between counsel to resolve discovery disputes. A balance must be struck between the burden and expense of discovery sought and its potential benefit. Discovery under the Federal Rules confronts litigants with hard choices, and some choices such as which discovery should be conducted within the remaining time frame, will have to be made. As the parties are aware, the Federal Rules of Civil Procedure, including the discovery rules, must be construed, administered and employed not only by the Court, but also by the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Linking the concepts of cooperation and proportionality, the Advisory Committee's Notes to Rule 1 state, "Effective advocacy is consistent with – and indeed depends upon - cooperative and proportional use of procedure." These principles are particularly important when, as here, the discovery sought comprises a broad-ranging and large amount of data.

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion, filed on December 29, 2022, is GRANTED IN PART and DENIED IN PART, and the Scheduling Order dates are extended five (5) months, as follows:

1) Non-expert Discovery Cutoff is extended from March 10, 2023 to August 11, 2023,

2) Expert Disclosure is extended from April 14, 2023 to September 15, 2023,

3) Supplemental Expert Disclosure is extended from June 9, 2023 to November 9, 2023,

4) Expert Discovery Cutoff is extended from July 28, 2023 to December 22, 2023,

5) Pretrial Motion Filing Deadline is extended from August 25, 2023 to January 26, 2024, and

6) Pretrial Conference is extended from January 26, 2024 to June 24, 2024 at 1:30 p.m. in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston.

IT IS FURTHER ORDERED that a mid-discovery status conference is set for **May 4, 2023, at 9:30 AM** in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:  **January 27, 2023**              /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

7