UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX HORN, LANCE AYTMAN, and KEITH HOOKER,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KRAFT HEINZ FOODS COMPANY LLC,<br><br>　　　　　Defendant. | Case No.  1:21-cv-01258-JLT-BAM<br><br>**ORDER GRANTING UNOPPOSED MOTION TO AMEND THE PLEADINGS**<br><br>(Doc. 111) |

Currently before the Court is a motion to amend the pleadings filed by Plaintiffs Alex Horn, Lance Aytman, and Keith Hooker on January 19, 2024. (Doc. 111.) Defendant Kraft Heinz Food Company LLC filed a statement of non-opposition to Plaintiffs' motion on January 23, 2024. (Doc. 114.) The matter is deemed submitted on the record. L.R. 230(g). For the reasons that follow, Plaintiffs' motion for leave to amend the pleadings will be GRANTED.

**DISCUSSION**

Plaintiffs filed the original complaint in this action on August 19, 2021. (Doc. 1.) Defendant answered the complaint on October 26, 2021. (Doc. 13.) Plaintiffs now seek leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). The purpose of the amendment is to (1) remove Plaintiff Aytman's claim for negligent infliction of emotional distress, but not Plaintiff Horn's claim for negligent infliction of emotional distress; (2) remove

1

Plaintiffs' claim that Defendant failed to provide them with a full copy of their personnel records in violation of Cal. Lab. Code§ 1198.5; (3) remove Plaintiffs' claim that Defendant failed to provide them with their pay records in violation of Cal. Lab. Code § 226; and (4) update the caption and signature block to include all current attorneys of record.  (Doc. 111 at ¶ 2.)

Federal Rule of Civil Procedure 15(a), which addresses amendments to pleadings, is the appropriate mechanism for a plaintiff to eliminate some but not all claims without dismissing any of the defendants. *See Hells Canyon Preservation Council v. U.S. Forest Service,* 403 F.3d 683, 687-88 (9th Cir. 2005).  Here, however, Plaintiffs' motion for leave to amend under Rule 15(a)(2) comes after expiration of the Scheduling Conference Order deadline for amendment to the pleadings.[1]  (Doc. 19.)  As a result, the Court must first apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16, before it may evaluate if amendment is appropriate under Rule 15(a).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). The good cause inquiry under Rule 16(b) primarily considers the

---

[1] Plaintiffs indicate that on January 27, 2023, the Court ordered the dates from the original Scheduling Order be extended for five months and, as such, the deadline to file pretrial motions was extended to January 26, 2024.  (Doc. 111 at ¶ 1, citing Doc. 56.)  While Plaintiffs correctly identify the extended deadline for pretrial motions, the Court did not extend the February 4, 2022 deadline for stipulated amendments or motions to amend the pleadings.  (*See* Docs. 19, 56.)

diligence of the party seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. If there is good cause to modify the scheduling order pursuant to Rule 16(b), then the Court will "turn to Rule 15(a) to determine whether the movant's requested amendment to the pleading should be granted." *Ramos v. FCA US LLC*, No. 1:17-CV-00973, 2019 WL 2106172, at *5 (E.D. Cal. May 14, 2019) (citing *Jackson*, 186 F.R.D. at 607).

Plaintiffs do not address the good cause standard, noting only that certain deadlines were previously extended by the Court and that the proposed amendment will clarify Plaintiffs' claims. (Doc. 111 at ¶¶ 1, 2.) Nevertheless, the Court recognizes that the proposed amendment seeks to eliminate claims, which will promote the interests of justice and efficiency. These interests warrant the exercise of this Court's discretion to modify the scheduling order. *See FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002) ("The decision to modify a scheduling order is within the broad discretion of the district court."). The Court therefore turns to Rule 15(a) to determine whether amendment to the pleading should be granted.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d

1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs here substantively seek to remove Plaintiff Aytman's claim for negligent infliction of emotional distress and to remove their claims made pursuant to Cal Lab. Code §§ 226 and 1198.5. Defendant does not oppose removal of these claims. On this record, the Court concludes that there will be little prejudice, if any, in permitting Plaintiffs to amend their complaint to remove the identified claims. None of the remaining factors overcome the presumption under Rule 15(a) in favor of granting leave to amend. Accordingly, Plaintiffs' request for leave to amend the pleadings will be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Unopposed Motion to Amend the Pleadings (Doc. 111) is GRANTED;
2. Within five (5) court days after issuance of this Order, Plaintiffs shall file their Amended Complaint, a copy of which was attached as Exhibit A to the motion; and
3. Defendant shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the Amended Complaint.

IT IS SO ORDERED.

Dated:   **January 24, 2024**          /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE